| | | |
|---|---|---|
| RONNIE HALFACRE TELLERMAN, | / | IN THE FEDERAL COURT FOR |
| | / | THE DISTRICT OF MAINE |
| Plaintiff, | / | |
| | / | COMPLAINT FOR |
| | / | DECLARATORY JUDGMENT |
| | / | |
| MAINE VETERANS' HOME, INC. | / | CASE NO. _____ |
| and LEETE AND LEMIEUX, PA., | / | |
| | / | |
| Defendants. | / | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Ronnie Halfacre Tellerman, files her Complaint for a Declaratory Judgment against Defendant, Maine Veterans' Home, and Defendant, Leete and Lemieux, P.A.. Defendants misjoined Plaintiff in a foreclosure action in a Maine State Court regarding real property located in the State of Maine that is owned by the Kamm Family Revocable Trust, a trust created under Florida Law. Defendants failed to join the Titled Owner of the real property, obtaining a default judgment against Plaintiff, who is one of four beneficiaries of the Kamm Family Revocable Trust, for a $23,000.00 Promissory Note secured by a Mortgage of the subject real property, in addition to a judgment for an estimated $65,000.00 in legal fees for the benefit of Defendant, Leete and Lemieux, P.A..

## I. JURISDICTIONAL STATEMENT

Plaintiff seeks a declaratory Judgment pursuant to Rule 57, Federal Rules of Civil Procedure, which implements 28 U.S.C. Section 2201. The Defendants and the State Court which granted the foreclosure failed to give Full Faith and Credit to the Kamm Family Revocable Trust which requires adherence to Florida Law for the purpose of conveyancing real property. The Conflict of Law between the Laws of the State of Maine and the Laws of the State of Florida was not resolved by the Maine State Court causing an apparent conveyance of the real property from the Trust to the beneficiary of the Trust and eliminating the interest of three other beneficiaries under the trust.

Resolving this Conflict is an appropriate excercise of this Court's Jurisdiction. Filed simultaneously with this Complaint is a Motion for Temporary restraining Order to prevent Defendants from disturbing the quiet enjoyment and use of the real property as the primary residence of Plaintiff for over 28 years.

## II. FACTS

1. Plaintiff, Ronnie Halfacre Tellerman is a natural person who resides in Cape Elizabeth, Cumberland County, Maine. Plaintiff is one of four Beneficiaries of the Kamm Family Revocable Trust, the other three beneficiaries are Plaintiff's adult children. Upon the death of Shirley Kamm and Max Kamm, Plaintiff's parents, Plaintiff became the trustee as a successor nominated and appointed by the Kamm Family Revocable trust. A copy of the Trust Agreement is attached as Exhibit "A", and is by reference incorporated.

2. Defendant, Maine Veterans' Home, is a corporation organized under laws of the State of Maine. Their principal place of business is located in ???, ???? County, Maine. By status or by contract Maine Veterans' Home is entitled to funding through the Veteran's Administration for the care of persons who have been in military service of the United States of America.

3. Leete and Lemieux, P.A. is a professional association of attorneys organized under the laws of Maine. Their principal place of busines is ???, ??? County, Maine.

4. The late Max Kamm became a patient of Maine Veterans' Home. During his illness from Alzheimer's Disease he amassed a debt in the amount of $23,000.00 for housing, care, and medical assistance by Defendant, Maine Veterans' Home, which costs were neither paid for by the Veterans' Administration nor by the Social Security Administration.

5. Maine Veterans' Home hired counsel to make a claim against the Estate of Max Kamm in a Probate Court Case in which Plaintiff appeared through Max Kamm's Power of Attorney appointing her to so act.

6. Maine Veterans' Home through counsel coerced Plaintiff to sign a Promissory Note and Mortgage for the $23,000.00, a copy of which are attached as Exhibit "B", and is by reference incorporated. Ownership was not based upon the Power of Attorney, nor was an examination or opinion of title obtained by Defendants. Defendants drafted the Promissory Note and Mortgage based upon a wild deed that appears in the Public Records of Maine, a copy of which Quit Claim Deed is attached as Exhibit "C" and is by reference incorporated.

7. During the ensuing six years since Plaintiff signed the Note and Mortgage under duress, Defendants rewrote the Mortgage and Note, that is the second Note and Mortgage are not a second obligation, but rather a recasting of the Original Obligation.

8. Also during the ensuing six years, Defendant Leete and Lemieux, P.A. billed their legal time to be paid by Defendant Maine Veterans' Home, charging attorney fees in the approximate amount of $65,000.00, about three times the amount of the Original Obligation.

9. Max Kamm was discharged by Defendant Maine Veterans' Home and Plaintiff moved him to Sunrise, Broward County, Florida to live out the rest of his life in her care. Max Kamm died on ???. Defendant's sued Plaintiff to foreclose on the mortgage during the last few days of Mr. Kamm's life, obtaining a default judgment in Maine around the time that Mr. Kamm was laid to rest, while Plaintiff was settling his affairs and marketing his Florida home.

10. Despite the Default Judgment of foreclosure the trial court in Maine ordered the parties to that action to mediate and negotiate on two occasions. Defendants Leete and Lemieux, P.A. refused to negotiate and unilaterally terminated the ordered mediations.

11. Despite Plaintiff's motions, no hearings were held by the trial judge which would have enabled Plaintiff to argue her case in Maine.

12. Early in 2014, after the Redemption Period had expired, Plaintiff raised the misjoinder and non-joinder issues. The trial judge dismissed Plaintiff's motion without reference to the full Trust

Documents that she offered to provide to the court and counsel.

13.  Subsequent to the dismissal of her motion, Defendant Leete and Lemiew, P.A. offered to enter into an Agreement, a copy of their first draft of such Agreement is attached as Exhibit "D" and is by reference incorporated. The Agreement was an offer to pay Plaintiff $15,000.00 to terminate her Beneficial use of the real property, to terminate the beneficial interests of her three children, who were not parties to the Agreement, and to terminate the Trustee's ownership of the real property. Plaintiff refused to enter into such Agreement, as it was not a conveyance of the Trustee's legal ownership and the conditions that she control the actions of persons who were not parties to the Agreement made the consideration specious. The Agreement was a sham.

14.  Plaintiff took an appeal of her denied motion, upon notification of the acceptance of her Appeal, Defendant Leete and Lemieux, P.A. caused a No Trespass Warning to be served upon Plaintiff. The Warning is scheduled to be executed by the Cape Elizabeth Police department at 11:00 a.m. on April 10, 2014.

## III. ARGUMENT

15.  The Law of Real Estate Conveyancing differs between the various States. Additionally, the Laws regarding the creation of Trusts and the Powers and Duties of Trustees varies from State to State. Like a corporation, a Trust is an Artificial Person created and regulated by Statute. The powers and duties of the Trustee are governed both by the document which creates the Trust and also by Statutes. Persons who conduct business with Trusts or with Trustees are obligated to inquire into the Trust documents in addition to the Statutes of the State in which the Trust was created and the Statutes regarding real property conveyancing in the State in which the real property is located. Prudence would dictate that a Title Search or Opinion of Title be obtained to verify the status of real property ownership and the manner in which the real property must be conveyed to satisfy the Trust and the statutes of the various States.

16.     Article IV, Section 1 of the United States Constitution, known as the "Full Faith and Credit Clause", addresses the duties that States within the United States have to respect the "public acts, records, and judicial proceedings of every other State.' The Full Faith and Credit Clause requires that States recognize artificial persons, such as Trusts, that were created under the laws of another State. The failure of one State to recognize, respect, and give credit to the laws of another State gives rise to a Conflict of Law situation.

17.     Exhibit "A" is a copy of the Kamm Family Trust which was created under Florida Law. Paragraph ??? of that Trust specifies that ("QUOTE IT" interpreted according to Florida law). Florida Law requires two witnesses to a conveyance of Real Property made in Florida, one of whom may be a Notary Public who signs as a Witness. Maine Law permits a conveyance of Real Property to be valid when witnessed by a single person, who may be a Notary Public. The requirement under Florida Law is stricter than that of Maine. A conveyance made in compliance with Florida's 2 witness requirement satisfies the laws of both Maine and Florida. Exhibit "C" is a Quit Claim Deed purporting to convey Maine Real Property from Max Kamm, as Trustee of the Kamm Family Revocable Trust to RSK. There are no additional witnesses to the Deed other than the Notary Public, who limited his signature by handwriting in at his Notary Statement "Notarized as to Max Kamm only ????".

18.     Despite being describe in the text of the Quit Claim Deed as being "Max Kamm, as Trustee of the Kamm Family Revocable Trust", Max Kamm signed the conveyance in his individual capacity. That is his signature does not match his identity. Further, as stated in the above paragraph, the Notary Public notarized the signature of an individual. The conveyance fails under Florida law, both for lack of witnesses and a a signature which does not identify the manner in which the Grantor owns property.

19.     The conveyance is also deficient by the specific powers and duties enumerated by the

Trust Document. Paragraph ??? (QUOTE IT prohibits the Original Trustees, co-Trustees, from conveying Trust property to any person other than between themselves until the Trust vests in the beneficiaries upon the death of both original Trustees. Max Kamm attempted to exceed the power granted by the Trust when he attempted to convey the real property out of trust to Ronnie Halfacre Tellerman by Quit Claim Deed, Exhibit "C".

(Insert any other argument re the execution of the Quit Claim Deed)

21. Whether or not Max Kamm was *sui gcris* at the time of executing the Quit Claim Deed is unknown, as he later succumbed to dementia and death by Alzheimer's disease. Max Kamm did not have the Quit Claim Deed recorded in Maine Public Records, nor did he deliver the Deed to the putative Grantee, Plaintiff. Rather, he held onto the Deed for almost two years without recordation or delivery. Plaintiff discovered the Quit Claim Deed in a bureau drawer when Max Kamm was hospitalized, and while she was empowered to protect his property and papers under a Power of Attorney effective upon his incapacity to conduct affaitrs of his own.

22. For the reasons discussed in the above paragraphs, the conveyance fails to comply with the Trust document requiring compliance with Florida Law. As the Deed was void under Florida law, and as the Trust document required compliance with Florida Law, then Maine must give Full Faith and credit to both the laws of Florida and the terms of the Trust. That is to say, if the Quit Claim Deed was void while it was contained in a bureau drawer in Florida, then Maine cannot validate such attempted conveyance. A void document differs from one that is voidable.

24. The Maine Court that granted Defendant Maine Veterans' Home's foreclosure failed to refer to either the Trust Document nor to the Law in Florida with regards to Trust and Conveyances when it denied Plaintiff's motion and permitted Defendants post Judgment collection by No Trespass Warning and by Public Auction. This fiat not only affects Petitioner, but also three adult children of Petitioner whose Beneficial Interest in the subject real property became

vested upon the death of Max Kamm. The foreclosure court attempted to terminate their interests without any opportunity for them to be heard, a violation of their right to Due Process of law under both the Maine and the Federal Constitutions.

25. Upon the death of the original grantors, the original co-trustees Max Kamm and Shirley Kamm, paragraph ??? appointed Ronnie Halfacre Tellerman to be Successor Trustee of the Kamm Family Revocable Trust as holder of legal Title to the Maine Real Property. Paragraph ??? vests Beneficial Title in four adult persons, Plaintiff and her three children. Their interest in the real property cannot be terminated without being joined as parties in interest to an action to foreclose upon the real property. This is especially true when three of the beneficiaries were not required to sign the Promissory Note and Mortgage, Exhibit "B".

26. The order of the foreclosure judge in the maine State Court not only violates the Full Faith and Credit clause of the federal Constitution, but also violateds the protections afforded by the Due Process clause containe in both the Fifth and Fourteenth Amendments to the United States Constitution as an arbitrary denial of life, liberty, or property by the Government outside the sanctions of law.

## IV. RELIEF SOUGHT

Plaintiff seeks a Declaratory Judgment from this Court which establishes that the Quit Claim Deed is a void conveyance under Florida Law and under the terms of the Kamm Family Revocable Trust; that this Court resolve the Conflict between Maine and Florida Law raised by the attached Exhibits and instruct the State Court of the manner in which to resolve such Conflict in compliance with the Full Faith and Credit Clause of the United States Constitution and in compliance with the rights of non-parties whose Due Process Rights have been jeopardized when the Maine State Court ignored their interest;; and that this Court declare the hypothecation of the Maine Real property by the Mortgage, Exhibit "B'. as being a void encumbrance by its failure to

obligate the holder of Legal Title to the subject property. Plaintiff requests that said declaratory Judgment be directed against the Defendants to cease further post-judgment collections and direct the Maine Foreclosure Court to enter an Order in conformity to the requested Declaratory Judgment.

WHEREFORE Plaintiff respectfully presents this Complaint For Declaratory Judgment aand her Motion for Temporary Restraining Order Without Notice as s her request for such relief. Further Plaintiff/Affiant sayest naught.

Sigbed this 10th day of April, 2014

_____
Ronnie Halfacre Tellerman

I HEREBY CERTIFY that the facts contained in this Complaint For Declaratory Judgment are true, signed on this 10th day of April, 2014..

_____
Ronnie Halfacre tellerman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint has been provided by US Mail postpaid to Defendant MVH, at address, and to Defendant L&L address, this 10th day of April, 2014. Additionally, a copy of the foregoing has been hand delivered to L&L at the above address Signature.