# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| RONNIE HALFACRE TELLERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:14-cv-150-GZS |
| | ) |
| MAINE VETERANS' HOMES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order (ECF No. 3). Having reviewed the Motion as well as Plaintiff's Complaint and all of the attached filings, the Court hereby DENIES Plaintiff's Request for a Temporary Restraining Order.

To obtain injunctive relief, Plaintiff, as the moving party, bears the burden of persuasion to show: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 29 n.5 (1st Cir. 2010) (citation omitted). In considering a request for injunctive relief, the Court must "bear constantly in mind that an '[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.'" Saco Def. Sys. Div., Maremont Corp. v. Weinberger, 606 F. Supp. 446, 450 (D. Me. 1985) (quoting Plain Dealer Pub. Co. v. Cleveland Typographical Union No. 53, 520 F.2d 1220, 1230 (6th Cir. 1975)).

The Court readily concludes that Plaintiff's filings do not support the injunctive relief she seeks from this Court. First, 28 U.S.C. § 2201, the only federal statute contained on the face of Plaintiff's Complaint, does not provide a basis for this federal court to have jurisdiction over the apparent dispute between these parties. Although Plaintiff's pro se Complaint also can be generously read to suggest that the state court foreclosure proceedings somehow violated her

federal constitutional rights, the Complaint does not name any state actor as a defendant. In short, it appears that the only possible basis for federal subject matter jurisdiction in this case would be the diversity of the parties. However, the Complaint alleges that both Plaintiff and Defendants are citizens of Maine. As a result, the required complete diversity is lacking. See 28 U.S.C. § 1332. Therefore, the Court can see no basis for subject matter jurisdiction over the claims Plaintiff states against the two named Defendants. Additionally, to the extent that Plaintiff appears to be asking this Court to take actions that would interfere with ongoing foreclosure and eviction proceedings in Maine state court, a federal court will likely be unable to provide Plaintiff the relief she seeks due to various abstention doctrines. See, e.g., Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (1st Cir. 2009) ("As a matter of comity, federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances.") (citing Younger v. Harris, 401 U.S. 37, 45-47 (1971)); Jiminez v. Rodriguez-Pagan, 597 F.3d 18, 27-32 (1st Cir. 2010) (explaining and applying Colorado River abstention). Ultimately, the Court concludes Plaintiff has not shown a substantial likelihood of success on the merits of her claims. See Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007) (noting that likelihood of success is the "most important part of the preliminary injunction assessment").

Therefore, the Court hereby DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 3).

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 10th day of April, 2014.