UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RONNIE HALFACRE TELLERMAN,       )
                                 )
     *Plaintiff*                )
                                 )
v.                               )    No. 2:14-cv-150-GZS
                                 )
MAINE VETERANS' HOME, INC., and  )
LEETE AND LEMIEUX, P.A.,         )
                                 )
     *Defendants*               )


## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE IN ITS ENTIRETY

On April 10, 2014, when she filed the complaint in this case, the *pro se* plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 5. She also filed a motion for a temporary restraining order, ECF No. 3, which has been denied by Judge Singal of this court. ECF No. 6. I grant the plaintiff's request for leave to proceed *in forma pauperis*, but also recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that –
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

1

The complaint seeks a declaratory judgment that a certain quitclaim deed "is a void conveyance under Florida law and under the terms of the Kamm Family Revocable Trust"; asks this court to "instruct the [Maine] State Court of the manner in which to resolve" a perceived conflict between Florida law and Maine law; to "declare the hypothecation of the Maine Real property by the Mortgage, Exhibit 'B,' as being a void encumbrance by its failure to obligate the holder of Legal Title to the subject property"; and seeks to have this court order the defendants "to cease further post-judgment collections and direct the Maine Foreclosure Court to enter an Order in conformity to the requested Declaratory Judgment." Complaint for Declaratory Judgment ("Complaint") (ECF No. 1) at [7]-[8]. The property at issue is a house and land located in Cape Elizabeth, Maine. Quitclaim Deed (ECF No. 1-3).

The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

While the complaint in this case alleges that the defendants violated the plaintiff's right to due process of law under the federal and state constitutions, Complaint ¶ 24, it invokes only 28 U.S.C. § 2201 as the basis of this court's jurisdiction. That statute merely provides that a federal court may issue a declaratory judgment under certain conditions. In order to establish jurisdiction in this court over a request for declaratory relief, a plaintiff must allege a federal cause of action, such as a claim under 28 U.S.C. § 1983 that her federal constitutional rights have been violated.

Assuming *arguendo* that the plaintiff meant to invoke section 1983, as a *pro se* plaintiff's complaint must be read liberally, *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2001), her complaint nonetheless fails to state a claim upon which relief may be granted because, from all that appears, the named defendants are private parties who cannot be deemed to have been acting under color of state law, a requirement for section 1983 claims. *Parham v. Pelletier*, No. 2:11-cv-00435-DBH, 2012 WL 987336, at *3 (D. Me. Mar. 21, 2012). The state court which the plaintiff apparently believes also violated her federal constitutional rights is a state actor, but it is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

The fact that the plaintiff has not named the state court as a defendant brings me back to the fact that the complaint deals by its terms only with a foreclosure on a promissory note and mortgage on the subject property in the Maine courts, apparently originally obtained by Defendant Maine Veterans' Home as payment or security for a debt. This is a matter within the jurisdiction of the Maine courts, and the complaint does not indicate whether the plaintiff has taken all possible appeals from the actions or judgments of which she complains here.

In any event, foreclosure on a promissory note and mortgage is precisely the type of state-court decision that is not subject to review in the federal courts under the *Rooker-Feldman* doctrine. *Silva v. Massachusetts*, 351 Fed.Appx. 450, 452-56, 2009 WL 2902712 at **2-**4 (1st Cir. 2009). The instant case is not factually distinguishable from *Silva*.

Accordingly, the plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed.

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED,** and I recommend that this action be **DISMISSED** with prejudice.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge